UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

RHON ESTIK,

|  | Plaintiff, | FIRST AMENDED COMPLAINT AND JURY DEMAND |
|---|---|---|

-against-

CITY OF NEW YORK, POLICE OFFICER ROBERTO F. ANTON, SHIELD NO. 27380, SGT. ALESS DEPESTRE, POLICE OFFICER JEAN BELLEVUE, SHIELD NO. 15429, DETECTIVE SPECIALIST ALBERT GUT, SHIELD NO. 953, DETECTIVE SPECIALIST JOSEPH TENNIARELLO, SHIELD NO. 3451,

Docket No.
13CV02880(RJD)(RLM)

ECF CASE

Defendants.

------------------------------------------------------------------------- x

Plaintiff Rhon Estik, by his attorney Cynthia H. Conti-Cook, of Stoll, Glickman & Bellina, LLP, for his complaint against defendant New York Police Department officers, alleges as follows:

## PRELIMINARY STATEMENT

1.   This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the laws and Constitution of the State of New York.

2.   The claim arises from a February 22, 2012 incident in which Mr. Estik and his brother were sitting in his aunt's van in the driveway after Mr. Estik learned his twin babies' mother was headed to the hospital and going into labor. Defendants, in plain clothes, walked up and tapped on the window. After Mr. Estik and his brother lawfully

refused to speak with them or exit the car, defendants smashed the drivers' side car window, hit Mr. Estik in the back of the head with the butt of a gun and dragged Mr. Estik out of the van. Defendants filed false charges against Mr. Estik in criminal court to cover up their own misconduct. As a result, Mr. Estik missed the birth of his twins, suffered from headaches, abrasions and had a bump on the back of his head, and had to go to court to fight false charges for several months before consenting to an ACD.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5.    The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7.    Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8.    Plaintiff resided at all times here relevant in Kings County, City and State of New York.

9.    The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.    Police Officer Roberto Anton was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Anton was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Anton was under the command of the 73rd precinct on the date of the incident. While an officer at the 73rd precinct, Anton's supervisors failed to train, supervise, discipline and control Anton. Defendant Roberto Anton is sued in his individual capacity.

11.    Sgt. Aless Depestre was, at all times here relevant, a sergeant of the NYPD, and as such was acting in the capacity of an agent, supervisor, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Sgt. Aless Depestre was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his or her fellow officers when s/he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Sgt.

Aless Depestre was under the command of the 73rd precinct on the date of the incident. While a sergeant at the 73rd precinct, Sgt. Aless Depestre failed to train, supervise, discipline and control Anton and Bellevue. Defendant Sgt. Aless Depestre is sued in his or her individual capacity.

12.   Police Officer Jean Bellevue, Shield NO. 15429, was, at all times here relevant, a sergeant of the NYPD, and as such was acting in the capacity of an agent, supervisor, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Police Officer Jean Bellevue was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his or her fellow officers when s/he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Police Officer Jean Bellevue was under the command of the 73rd precinct on the date of the incident. Defendant Police Officer Jean Bellevue is sued in his individual capacity.

13.   Detective Specialist Albert Gut, Shield No. 953, a detective of the NYPD, and as such was acting in the capacity of an agent, supervisor, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Detective Specialist Albert Gut was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his or her fellow officers when s/he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Detective Specialist Albert Gut was under the command of the Emergency Services Unit precinct on the date of the incident. Detective Specialist Albert Gut is sued in his individual capacity.

14.   Detective Specialist Joseph Tenniarello, Shield No. 3451 was, at all times here

relevant, a sergeant of the NYPD, and as such was acting in the capacity of an agent, supervisor, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Detective Specialist Joseph Tenniarello, was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his or her fellow officers when s/he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Detective Specialist Joseph Tenniarello, was under the command of the Emergency Services Unit on the date of the incident. Defendant Joseph Tenniarello is sued in his individual capacity.

15.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

16.   Within 90 days of the events giving rise to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL CHARGES

17.   On February 23, 2012, at approximately 3:30 a.m. at 841 Thomas Boyland Street in Brooklyn, New York, Mr. Estik and his brother were sitting in his aunt's van, which was parked outside his home.

18.   He and his brother were sitting in the van with the engine off and back windows cracked, smoking cigarettes and talking about Mr. Estik's unborn twin sons, which were due to be delivered any day.

5

19.   Prior to sitting in the van in the driveway, Mr. Estik and his brother were inside the house with his mother and his cousin.

20.   Defendants, in plain clothes, walked up and tapped on the window.

21.   Mr. Estik and his brother lawfully refused to speak with defendants or get out of the car or open the window or door.

22.   Defendants walked away and shortly thereafter came back smashed the drivers' side car window.

23.   Defendants then hit Mr. Estik in the back of the head with a gun while he was still sitting in the driver's side seat.

24.   Defendants dragged Mr. Estik out of the van, through broken glass, to the sidewalk.

25.   After being hit with the gun, until Mr. Estik was at the sidewalk, he temporarily lost consciousness.

26.   When Mr. Estik regained consciousness at the sidewalk, he didn't have any clothes covering his body, his pants were at his ankles, and he heard his mother yelling "where are his clothes".

27.   Defendants assisted Mr. Estik in getting dressed and handcuffed Mr. Estik.

28.   Defendant also arrested Mr. Estik's brother, against whom the district attorney's office declined prosecution of any charges.

29.   Defendants filed false charges against Mr. Estik in criminal court to cover up their own misconduct.

30.   They charged him with failure to obey traffic control sign, failure to obey traffic control signal, obstruction of governmental administration, resisting arrest and reckless

driving.

31.   Mr. Estik was in custody for approximately 11 hours.

32.   While he was in custody, he learned that his children's mother was in labor and headed to the hospital.

33.   His twin sons were born approximately an hour before he was released from Central Booking.

34.   Immediately after being released, Mr. Estik went to Brookdale Hospital emergency room to have the bump on the back of his head examined, along with multiple abrasions to his arms, back and buttocks, and then went upstairs to see his twin sons.

35.   Mr. Estik consented to an adjournment in contemplation of dismissal after several court appearances.

36.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.   They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

37.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

38.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.     Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b.     Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c.     Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.     Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e.     Physical pain and suffering;

f.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

g.     Loss of liberty.

<u>FIRST CAUSE OF ACTION</u>
Defendants Falsely Arrested and Falsely Imprisoned
Plaintiff Under 42 U.S.C. § 1983

39.   The above paragraphs are here incorporated by reference.

40.   The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

41.   The wrongful, unjustifiable, and unlawful apprehension, arrest, detention and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

42.   At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

43.   Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

44.   At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

45.   All of this occurred without any illegal conduct by plaintiff.

46.   Plaintiff consented to an adjournment in contemplation of dismissal at his first court appearance.

47.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

48.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
New York State Constitution Article I §12
False Arrest and False Imprisonment
(Against All Defendants)

49.   The above paragraphs are here incorporated by reference.

50.   The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

51.   The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

9

52.   At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

53.   Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

54.   At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

55.   All of this occurred without any illegal conduct by plaintiff.

56.   Plaintiff consented to an adjournment in contemplation of dismissal at his first court appearance.

57.   Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

58.   Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards plaintiff.

59.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the Constitution of the State of New York.

60.     As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

THIRD CAUSE OF ACTION
False Arrest and False Imprisonment
(Against All Defendants)

61.     The above paragraphs are here incorporated by reference.

62.     Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

63.     Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

64.     Plaintiff consented to an adjournment in contemplation of dismissal at his first court appearance.

65.     Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

66.     As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

FOURTH CAUSE OF ACTION
42 U.S.C. §1983
Excessive Force
(Against Officer Defendants)

67.     The above paragraphs are here incorporated by reference.

68.     By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United

11

States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

69.   In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

70.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

71.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

FIFTH CAUSE OF ACTION
New York State Constitution Art. I § 12
Excessive Force
(Against All Defendants)

72.   The above paragraphs are here incorporated by reference.

73.   By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by Article I Section 12 of the New York State Constitution.

74.   In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such

conspiracy, as set forth above.

75.    Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

76.    The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the New York State Constitution.

77.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SIXTH CAUSE OF ACTION
### Assault and Battery
### (Against All Defendants)

78.    The above paragraphs are here incorporated by reference.

79.    Upon approaching, smashing the window, hitting plaintiff in the back of the head, pulling plaintiff through the window, dragging him down the driveway and pushing him against the gate, handcuffing and arresting plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

80.    Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

81.   Defendants used excessive and unnecessary force with plaintiff.

82.   Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:     November 26, 2013
           Brooklyn, New York


                                      Respectfully yours,

TO:

      City of New York                By: Cynthia Conti-Cook
      100 Church Street               Bar# CC0778
      New York, NY  10007             Stoll, Glickman & Bellina, LLP
                                      Attorneys for Plaintiff
                                      475 Atlantic Avenue, 3rd Floor
                                      Brooklyn, NY  11217
                                      (718) 852-3710
                                      (718) 852-3586
                                      cconti-cook@stollglickman.com